E. Darwin Smith, Justice.
From the statement of the referee accompanying the evidence returned by him, which I think is fully warranted by the evidence, I think it fully established that the defendant made both the verbal and written representations in regard to his circumstances claimed by the plaintiff. The verbal representations are the only ones upon which the order of arrest could be sustained, nothing being due the plaintiff for the goods purchased upon the faiih of the written representation. The representations were as follows: “ I am perfectly good and responsible for all the goods I may purchase; I own in Jersey City, the house and lots in which I am living, which I-value at between five and six thousand, and I consider this good and sufficient for any goods I may buy1; I also own real estate in Williamsburgh, and I liavé other property1."
The question presented is, whether this representation Avas false and known to be false by the defendant at the time. The right of the plaintiff to arrest him depends upon the establishment of the allegation in the language of section 179, subdivision 6, that “ the defendant has been guilty1 of a fraud in contracting the debt or incurring the obligation for which the action is brought.”
The representation that the defendant “ was perfectly' good and responsible for all goods he might purchase,” implies, taken in connection vvitin the whole statement, that he had sufficient property over and above all debts and liabilities, to pay any debt he might incur in purchasing such goods.
The defendant, a short time after these representations, (the last written- statement being made on the 10th of February, 1858,) made a general assignment of all his property, in Avhieh he assigned, as appears by1 reference to the schedule annexed, property to the amount of §1,607, owing at the same time, debts as appears by schedule also annexed to said assignment, to the amount of $2,802.30. The assignment is dated the 15th dav of March, 1858. Obviously no change in Ms circum *530 stances had taken place- between the time of the making of the verbal and the written transaction, for they are substantially identical.
This exhibit of the actual condition and amount of the defendant’s property and debts, implies upon its face, that the representations made by him in respect to the amount of his property and his pecuniary ability, were clearly false. If he was worth $5,000 or $6,000 on the 10th of February, he ought to have had property worth more than $1,607 on the 15th of March, exclusive of debts. The inference of fraud in his original representation,.and falsehood, is irresistible upon these facts. The burden of proof is then cast upon the defendant to .explain these facts, and to show how his representations could possibly have been true. To my mind, he entirely fails to do so. He shows that all his property was sold and disposed of, (except that assigned,) before the making of the assignment.. As he gives no account of the proceeds of such sale in his assignment, and as the schedule annexed thereto, contains no statement of any assets derived from that source, it must be inferred, I think, that whatever interest he had in such property was absorbed by pre-existing debts paid by such proceeds.
Speaking of the Jersey City property, which obviously constituted the bulk of the defendant’s apparent property, the learned referee says in his opinion, “that if he really owed Hannah Smith, (to whom the same was conveyed on the 2d of March, 1858,) $4,000 on the 22d of December, 1857, he manifestly was not perfectly good and responsible for all the goods he might purchase, and his representations to that effect were false, and the written representations of the 10th of February were equally deceptive.”
But the referep then adds, •“ my impressions from the evidence are, that the defendant did not owe Hannah Smith.” In . another part of his report, the referee in stating the facts in regard to this sale to Hannah Smith, says, “ Hannah Smith paid him no money when she took the deed. The defendant’s account of it is that he was her debtor, and that the conveyance was made to her in payment of that indebtedness.”
*531 The referee thinks the defendant mistaken in this testimony, that he “ did not owe Hannah Smith.” The effect of the referee’s finding on this point is, that the defendant has sworn falsely in his account of the transaction, and, therefore, his original representation was not untrue.
In this finding I think the referee mistaken. The defendant should not be excused from the original fraud, on the ground that he has been guilty of false swearing in his statement of the manner and the consideration upon which he disposed of his property. The burden was upon him to explain how his original representation could be true, and he shows under oath that it was in fact false. I think he should be held to speak the truth under oath, and this substantially establishes his original fraud in contracting the debt. It may be, that the referee is right, and that the fraud of the defendant was committed in disposing of his property, rather than in contracting the debt to the plaintiff. But it is illogical and unjust to the defendant so to hold. It is more just to him to hold that he contracted the debt fraudulently, than that he fraudulently disposed of his property to avoid its payment, and sought to cover up the transaction by false swearing.
I think the defendant entirely fails to show that his representations were true at the time, and that the debt was not fraudulently contracted ; and that the referee is mistaken in his conclusions on this point, and his report should be dis-affirmed, and the motion to discharge the defendant from arrest denied, with $10 costs.
Motion denied, with $10 costs.